UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 23-CV-61416-RLR

MARIE DANIELLE SLUTSKY,

   Plaintiff,

vs.

PAMELA ANN PLOTKIN,

   Defendant.
_____/

**ORDER DETERMINING REASONABLE ATTORNEY'S FEE
AND GRANTING THIRD RENEWED MOTION TO APPROVE SETTLEMENT**

This matter is before the Court on the parties' Third Renewed Motion to Approve Settlement. In the Motion, the parties ask the Court to approve their FLSA settlement agreement. Plaintiff's counsel also requests that the Court determine a reasonable fee award, which the Plaintiff and Plaintiff's counsel represent that they will accept.

The Court previously approved the parties' settlement agreement as to the Plaintiff's claim as a fair and reasonable settlement under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The Court declined to approve Plaintiff's counsel's request for $5,472 for fees and costs as unreasonable and excessive. When determining a reasonable fee award, "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience and reputation." *Dorisma v. Park One of Florida, LLC*, 2020 WL 7481487, *3 (S.D. Fla. Apr. 23, 2020). Courts in this District "routinely refuse[] to award [the Plaintiff's counsel] more than $375 per hour." *Phillips v. SC Capital Ventures, Inc.*, 2020 WL 2988381, at *6 n.2 (S.D. Fla. Jun. 4, 2020). One Court in this District held that an award of greater than $375 per hour to Plaintiff's counsel "would be unreasonable." *Walker v. Grandpa's Real Estate, Inc.*, 2022 WL 2789967, at *3 (S.D.

Fla. Jun. 29, 2022).  Although Plaintiff's counsel's billing records show that the Plaintiff seeks to bill his services at a rate of $400 per hour, the Court concludes that an award of $375 per hour is reasonable and appropriate.

The Court has closely reviewed Plaintiff's counsel's billable hours in this case.  The Court notes that counsel bills .1 hour for his review of every text message in this case, and that his billing records contain many such entries.  By way of example, some of the text message billing entries are set forth below:

| Date | Hours | Description | | Amount |
|---|---|---|---|---|
| 8/2/23 | 0.1 | Reviewed Client's work-related text messages with "+15614852001" consisting of 3 pages. | $ | 40.00 |
| 8/2/23 | 0.1 | Reviewed Client's work-related text messages with "+18022305961 & Pam Plotkin & Adam Plotki" consisting of 1 page. | $ | 40.00 |
| 8/2/23 | 0.1 | Reviewed Client's work-related text messages with "Adam Plotkin & Zemi Plotkin & Pam Plotki" consisting of 2 pages. | $ | 40.00 |
| 8/2/23 | 0.1 | Reviewed Client's work-related text messages with "Adam Plotkin & Zoe Plotkin & Pam Plotkin" consisting of 2 pages. | $ | 40.00 |
| 8/2/23 | 0.1 | Reviewed Client's work-related text messages with "Adam Plotkin" consisting of 1 page. | $ | 40.00 |
| 8/2/23 | 0.1 | Reviewed Client's work-related text messages with "Ava Lisas Daughter" consisting of 1 page. | $ | 40.00 |
| 8/2/23 | 0.1 | Reviewed Client's work-related text messages with "Furniture moving team" consisting of 4 pages. | $ | 40.00 |
| 8/2/23 | 0.1 | Reviewed Client's work-related text messages with "Jean Guislain Valet" consisting of 1 page. | $ | 40.00 |
| 8/2/23 | 0.1 | Reviewed Client's work-related text messages with "Monk & Vayder" consisting of 1 page. | $ | 40.00 |
| 8/2/23 | 0.1 | Reviewed Client's work-related text messages with "Pam Plotkin & Zander Plotkin" consisting of 1 page. | $ | 40.00 |

DE 26-1 at 1.  The Court concludes that a separate billing entry (and .1 hour) for every text message is unreasonable and excessive.

The Court also notes that counsel bills .1 hour for his receipt of almost every notice of electronic filing in this case, regardless of the substance or content of the notice.  By way of example, some of counsel's billings for receipt of electronic notices are set forth below:

| Date | Hours | Description | | Amount |
|---|---|---|---|---|
| 9/11/23 | 0.1 | Reviewed DE 9, Motion for Extension of Time | $ | 40.00 |
| 9/19/23 | 0.1 | Reviewed DE 10, Order Granting Extension of Time | $ | 40.00 |
| 10/2/23 | 0.2 | Reviewed DE 11, Order Setting Trial Date and other Case Deadlines | $ | 80.00 |
| 10/2/23 | 0.1 | Reviewed DE 12, Order Setting Discovery Procedures | $ | 40.00 |
| 10/2/23 | 0.1 | Reviewed DE 13, Order Setting Status Conference | $ | 40.00 |

*Id.* at 2.  This Court has refused to award Plaintiff's counsel fees for these types of entries in the past. *See Herrera v. Model Row, Inc.*, No. 17-CV-80241, DE 49 at 7 (July 17, 2017).  The Court

concludes that a separate billing entry for the receipt of every notice of electronic filing, regardless of the substance or content of the notices, is unreasonable and excessive.

The Court also notes that counsel has billing entries for when he informs his client of the status of his case:

| 10/10/23 | 0.2 | Phone call to Client with Case update | $ | 80.00 |
|---|---|---|---|---|

DE 26-1 at 1. Counsel is required to keep his client informed of the status his case pursuant to the Rules of the Florida Bar. *See* Rule 4-1.4 of the Rules Regulating the Florida Bar. This Court does not believe that it is fair for the Defendant to have to pay for counsel's bar-mandated duty to keep his client informed, particularly when, due to the attorney-client privilege, the Defendant cannot inquire as to the content of the communications to evaluate the reasonableness of counsel's requested fee award.

This case required a two-page Complaint. The case settled almost immediately, without substantive motion practice or mediation. Based upon the Court's review of counsel's billing records and its own knowledge and experience with FLSA litigation in this District, the Court concludes that a reasonable fee award in this case is $3,500. Together with the Plaintiff's costs in this case, the Court concludes that Plaintiff's counsel should receive an award of fees and costs in the amount of $3,972. The Court declines to reserve jurisdiction to enforce the parties' settlement agreement. Pursuant to the parties' request in their Motion, the Court dismisses this case with prejudice.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 21st day of December, 2023.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE